UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
KATHRYN L. HELMUTH,              :  CASE NO. 5:08-CV-983
                                 :
        Plaintiff,                :
                                 :
vs.                              :  OPINION & ORDER
                                 :  [Resolving Doc. Nos. 9, 15]
HARTFORD LIFE & ACCIDENT         :
INSURANCE COMPANY,               :
                                 :
        Defendant.                :
                                 :
                                 :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before this Court is Plaintiff Kathryn Helmuth's motion to dismiss the counterclaim filed by Defendant Hartford Life & Accident Insurance Company ("Hartford"). [Doc. 9.] For the following reasons, the Court **DENIES** the Plaintiff's motion to dismiss.

**I. Background**

On October 13, 2005, Plaintiff Helmuth filed suit in a related case against Defendant Hartford alleging that the Defendant had wrongfully denied her long term disability benefits under her ERISA-governed benefit plan. [Case No. 5:05-cv-2412, Doc. 1.] On July 20, 2006, this Court granted in part the Plaintiff's motion for judgment on the administrative record and remanded the Plaintiff's case to the administrator for reconsideration. [Case No. 5:05-cv-2412, Doc. 26.]

On April 16, 2008, after a second final administrative denial, the Plaintiff refiled her claim for benefits under ERISA in this Court. [Doc. 1.] In this claim, the Plaintiff alleges that the Defendant

-1-

Case No. 5:08-CV-983
Gwin, J.

has wrongfully withheld benefits under its long term disability insurance policy. *Id.* at 2-3. On June 13, 2008, the Defendant answered the complaint and filed a counterclaim against the Plaintiff. [Doc. 5.] With its counterclaim, the Defendant seeks reimbursement of amounts allegedly overpaid to the Plaintiff under the insurance policy and ERISA, 29 U.S.C. § 1132(a)(3)(B), due to the Plaintiff's receipt of Social Security disability benefits. *Id.*

On June 30, 2008, the Plaintiff filed a motion to dismiss the Defendant's counterclaim. [Doc. 9.] The Plaintiff asserts that this Court should dismiss the counterclaim, arguing that this Court lacks subject matter jurisdiction over the counterclaim under FED. R. CIV. P. 12(b)(1) and that the Defendant has failed to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6). [Doc. 9.] Plaintiff Helmuth says that this Court should dismiss the counterclaim because it raises contractual issues and the Defendant seeks legal remedies that are not available under ERISA. *Id.*

On July 23, 2008, the Defendant opposed the Plaintiff's motion to dismiss. [Doc. 12.] The Defendant asserts that its counterclaim properly pleads a claim under ERISA to recover overpaid benefits. The Defendant says that the equitable remedies provisions of ERISA permit fiduciaries under ERISA-governed plans to bring actions to recover overpayments of benefits. *Id.*

On July 30, 2008, the Plaintiff replied in support of its motion to dismiss the Defendant's counterclaim. [Doc. 14.] Plaintiff Helmuth argues that her specific ERISA plan does not support an action for reimbursement of overpaid benefits and that this Court lacks jurisdiction to consider the counterclaim. *Id.* On August 4, 2008, the Defendant also moved this Court for leave to file a surreply in opposition to the Plaintiff's motion to dismiss. [Doc. 15.]

**II. Legal Standard**

When subject matter jurisdiction over a counterclaim is challenged under FED. R. CIV. P. 12(b)(1), the counter-plaintiff has the burden of proving that the court has jurisdiction over the cause

-2-

Case No. 5:08-CV-983
Gwin, J.

of action. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir.1986). In ruling on such a motion, the district court may resolve factual issues when necessary to resolve its jurisdiction. *Madison-Hughes*, 80 F.3d at 1130; *Rogers*, 798 F.2d at 918. Regarding the motion to dismiss for failure to state a claim, the Court can dismiss a counterclaim only when it is clear that the counter-claimant can prove no set of facts in support of the claim that would entitle the counter-claimant to relief. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept all of the allegations contained in the counterclaim as true and construe such claim "liberally in favor of the party opposing the motion." *Id.* at 377. While the Court is obliged to accept as true the well-pleaded allegations in the counterclaim, the Court need not accept as true the "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). The Court also need not accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Nevertheless, the Court can only grant a motion to dismiss when the facts of the counterclaim show that there is an insuperable bar to relief for the counter-claimant.

### III. Analysis

ERISA § 503(a)(3)(B) provides that a fiduciary may bring a civil action "to obtain other appropriate equitable relief . . . (ii) to enforce any provisions of . . . the terms of the plan." 29 U.S.C. § 1132(a)(3)(B). In *Sereboff*, the United States Supreme Court held that a claim for the reimbursement of overpaid funds may, in certain circumstances, qualify as an equitable lien under ERISA and an action for such recovery may be brought under § 503(a)(3)(B). *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356, 361-69 (2006). In *Sereboff*, the Court suggested that a repayment claim seeking enforcement of an equitable lien under ERISA must be based on an applicable plan provision that has "specifically identified a particular fund, distinct from [the

-3-

Case No. 5:08-CV-983
Gwin, J.

beneficiary's] general assets . . . and a particular share of that fund to which [the fiduciary] was entitled." *Id.* at 364.

In 2007, the Sixth Circuit applied *Sereboff* to an ERISA case in which the fiduciary filed a counterclaim against the plan participant seeking reimbursement of benefits allegedly overpaid due to the participant's receipt of Social Security disability benefits under the terms of the plan. *Gilchrest v. Unum Life Ins. Co. of America*, 255 Fed. Appx. 38 (6th Cir. 2007). In *Gilchrest*, the Sixth Circuit concluded that the reimbursement counterclaim was properly brought under § 503(a)(3)(B) of ERISA because the plan terms specifically permitted the fiduciary to recover overpaid benefits. *Id.* at 45-46. The Sixth Circuit further explained that the plan provisions satisfied the requirements for equitable relief in *Sereboff* because those provisions established "a right to recover from a specific fund distinct from Gilchrest's general assets - the fund being the overpayments themselves - and a particular share of that fund to which the plan was entitled - all overpayments due to the receipt of Social Security benefits, but not to exceed the amount of benefits paid." *Id.* [1]

The Court finds that this instant litigation is remarkably similar to the situation presented in *Gilchrest*. The Defendant has raised a counterclaim for recovery of overpaid benefits under ERISA and asserts that it has the right to such reimbursement under the terms of its plan with the Plaintiff. In response, Plaintiff Helmuth says that the Defendant cited the wrong plan and presents this Court with her "correct" plan, which she suggests may not support an action for reimbursement. [Doc. 14-1 at 1.] Even if this Court were to accept the Plaintiff's proffered plan as the proper plan at issue, that plan itself contains an explicit provision requiring the Plaintiff to repay the Defendant benefits in the event of overcompensation. [Doc. 14-3.] The Plaintiff's plan provides as follows:

---

[1] Several district courts in the Sixth Circuit have found that similar claims are for equitable relief and properly brought under ERISA § 503(a)(3)(B). *See, e.g., Pitts v. Prudential Ins. Co.,* 534 F. Supp. 2d 779 (S.D. Ohio 2008); *Proffitt v. Group Long Term Disability Plan for Family Practice Center,* 2007 WL 2692177 (E.D. Tenn. 2007).

Case No. 5:08-CV-983
Gwin, J.

> **What happens if benefits are overpaid?**
> An overpayment occurs when it is determined that the total amount we have paid in benefits is more than the amount that was due to you under the plan. This includes, but is not limited to, overpayments resulting from:
> 1. retroactive awards of Other Income Benefits[2]; . . .
>
> We have the right to recover from you any amount that is an overpayment of benefits under this plan. You must refund to us the overpaid amount.

[Doc. 14-3 at 17.]

Because this Court concludes that the plan contains provisions regarding the right to reimbursement of overpaid benefits, § 503(a)(3)(B) of ERISA enables the fiduciary to bring a civil action to obtain equitable relief based upon those terms. 29 U.S.C. § 1132(a)(3)(B). In the instant case, as the Sixth Circuit found in *Gilchrest*, the specifically identified fund out of which the fiduciary may be entitled to equitable relief in the form of reimbursement appears to be the discrete amount of overpayments made due to the Plaintiff's receipt of Social Security benefits.

Without commenting on the merits of the counterclaim itself, this Court finds that the Defendant has properly stated a claim upon which relief can be granted. Furthermore, this Court has subject matter jurisdiction over the ERISA claim. *See* 28 U.S.C. § 1331.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Plaintiff's motion to dismiss the Defendant's counterclaim. [Doc. 9.] Having resolved the issues presented in the motion to dismiss, the Court **DENIES** as moot the Defendant's motion for leave to file a surreply in opposition to the

---

[2] Other Income Benefits are defined in the Plan as follows:
[T]he amount of any benefit for loss of income, provided to you or your family, as a result of the period of Disability for which you are claiming benefits under this plan. This includes any such benefits for which you or your family are eligible or that are paid to you, to your family or to a third party on your behalf pursuant to any . . .
    6. disability benefits under: a) the United States Social Security Act . . .
[Doc. 14-3 at 20.]

Case No. 5:08-CV-983
Gwin, J.

motion to dismiss. [Doc. 15.]

       IT IS SO ORDERED.


Dated: August 6, 2008                                *s/    James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE